**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3187-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RICHARD J. RICCIARDI,

     Defendant-Appellant.

_____

Submitted May 29, 2025 – Decided July 23, 2025

Before Judges Marczyk and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Hunterdon County, Indictment No. 18-06-0266.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Renée M. Robeson, Hunterdon County Prosecutor, attorney for respondent (Joseph Paravecchia, First Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Richard Ricciardi appeals from the September 28, 2021 order denying his application for post-conviction relief (PCR) and February 7, 2023 order denying his motion to amend his judgment of conviction (JOC). Following our review of the record and the applicable legal principles, we affirm.

I.

Defendant admitted at his plea hearing that on May 28, 2018, Shawn Dropp came to visit him. Defendant was in possession of heroin, which he gave to Dropp. The following day, Dropp overdosed on the heroin and died.

In 2018, defendant was indicted in Hunterdon County and charged with first-degree strict liability for drug-induced death, N.J.S.A. 2C:35-9(a). In March 2019, defendant pled guilty to the sole count in the indictment, with a recommended sentence in the second-degree range not to exceed seven years subject to the No Early Release Act[1] (NERA) and the mandatory minimum penalties and monetary assessments.

Defendant subsequently moved to withdraw his guilty plea, alleging that two people were with Dropp on the evening of his death and may have distributed drugs to him subsequent to defendant's providing the heroin.

_____

[1] N.J.S.A. 2C:43-7.2.

Defendant's motion to withdraw his plea was denied. In May 2019, the court sentenced defendant to a seven-year term of imprisonment with a five-year period of parole supervision pursuant to NERA.[2] Defendant did not file a direct appeal from either the order denying his motion to withdraw the guilty plea or the JOC.

In May 2020, defendant filed a pro se PCR petition. PCR counsel filed a letter brief in support of the petition along with a certification from trial counsel. In September 2021, the PCR court held a non-evidentiary hearing and denied defendant's application. In August 2022, defendant filed a pro se application to modify his JOC and sentence, which was denied on February 7, 2023. In September 2024, we granted defendant's motion to appeal both the denial of his PCR petition and the denial of his motion to modify the final JOC and sentence.

II.

Defendant raises the following points on appeal:

---

[2] Defendant was sentenced to a seven-year term of imprisonment as if he had pled guilty to an offense one degree lower, but the court imposed first-degree penal consequences, which included NERA and Drug Enforcement and Drug Reduction (DEDR) penalties.

POINT ONE

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL PRETRIAL BY FAILING TO INVESTIGATE.

POINT TWO

[DEFENDANT] IS ENTITLED TO A CORRECTED, MODIFIED, OR REVISED [JOC] OR SENTENCE, OR AN EVIDENTIARY HEARING ON THE MATTER OF INEFFECTIVE ASSISTANCE OF COUNSEL.

We review a PCR court's conclusions of law de novo. State v. Nash, 212 N.J. 518, 540-41 (2013). We must affirm the PCR court's factual findings unless they are not supported by "sufficient credible evidence in the record." Id. at 540. A judge's decision to deny a PCR petition without an evidentiary hearing is reviewed under an abuse of discretion standard; however, we may review the factual inferences and legal conclusions drawn by the court de novo. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the

4

Sixth Amendment"; and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey). A defendant must establish both prongs by a preponderance of the evidence. State v. Gaitan, 209 N.J. 339, 350 (2012).

As to the first prong, the Constitution requires "reasonably effective assistance," so an attorney's performance may not be attacked unless they did not act "within the range of competence demanded of attorneys in criminal cases," and instead "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689. "Merely because a trial strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999) (citing State v. Davis, 116 N.J. 341, 357 (1989)). Thus, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound

trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Further, the court must not focus on the defendant's dissatisfaction with "counsel's exercise of judgment during the trial . . . while ignoring the totality of counsel's performance in the context of the State's evidence of [the] defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006).

Under the second prong of the Strickland test, "the defendant must show that the deficient performance prejudiced the defense" because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 687, 694. This means "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Marshall, 148 N.J. at 261 (quoting Strickland, 466 U.S. at 697). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

To demonstrate "prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors,

[he or she] would not have pled guilty and would have insisted on going to trial.'" Gaitan, 209 N.J. at 351 (alteration in original) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)). A defendant must show that, "had he been properly advised, it would have been rational for him to decline the plea offer and insist on going to trial and, in fact, that he probably would have done so." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

A petitioner is not automatically entitled to an evidentiary hearing merely by filing for PCR. State v. Porter, 216 N.J. 343, 355 (2013); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if: (1) they establish "a prima facie case in support of [PCR]," (2) "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) "an evidentiary hearing is necessary to resolve the claims for relief." In order to establish a prima facie case, a "defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b); see also Marshall, 148 N.J. at 158. Thus, to obtain an evidentiary hearing on a PCR petition based upon claims of ineffective assistance of

counsel, a defendant must make a showing of both deficient performance and actual prejudice. State v. Preciose, 129 N.J. 451, 463-64 (1992).

Conversely, Rule 3:22-10(e) states

[a] court shall not grant an evidentiary hearing:

(1) if an evidentiary hearing will not aid the court's analysis of the defendant's entitlement to [PCR];

(2) if the defendant's allegations are too vague, conclusory or speculative; or

(3) for the purpose of permitting a defendant to investigate whether additional claims for relief exist for which defendant has not demonstrated a reasonable likelihood of success as required by R[ule] 3:22-10(b).

Thus, "in order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170. "[R]ather, the defendant 'must allege facts sufficient to demonstrate counsel's alleged substandard performance.'" State v. Jones, 219 N.J. 298, 312 (2014) (quoting Porter, 216 N.J. at 355).

Defendant argues his trial attorney rendered ineffective assistance of counsel by failing to investigate the potential involvement of other individuals in Dropp's death. He asserts he established a prima facie case of ineffective

8

assistance of counsel, and the PCR court should have granted an evidentiary hearing. Defendant certified his attorney failed to investigate "the information [he] had given [the attorney] regarding other parties in the room when . . . Dropp overdosed."

Defendant's trial counsel submitted a certification to the trial court in support of his motion to withdraw his guilty plea, advising that defendant had indicated that "Morris," a fellow inmate, had spoken with two individuals who claimed they were with Dropp on the night of his death but that he did not know the individuals' full names. Thereafter, trial counsel obtained a supplemental police report that recounted the statement by Morris in which he indicated he had told police that two individuals had advised him they were with Dropp in the same hotel when he overdosed. The trial court denied defendant's motion to withdraw his plea to investigate this alleged intervening cause.

In addressing defendant's argument regarding his trial counsel's ineffective investigation, the PCR court noted:

> When a petitioner claims his attorney failed to conduct an adequate pretrial investigation, he must assert the specific facts that an investigation would have revealed, supported by affidavits or certifications based upon personal knowledge. Cummings, 321 N.J. Super. at 170. The petitioner argues that defense counsel failed to fully investigate not only the statements made by the victim's grandfather . . . , but

also the fact that there may have been others in the room with the victim at the time of his death. The petitioner argues that defense counsel's investigation was perfunctory at best and, with a full investigation, the State would not be able to prove that the petitioner was in the room with the victim. The court finds that petitioner has failed to assert facts that an "independent investigation" would have revealed which would have established a colorable claim of innocence. Defense counsel moved to withdraw petitioner's guilty plea based on these assertions by petitioner. There are no facts supported by personal knowledge. The court finds petitioner's claim to be a bald assertion.

The PCR court further observed:

The [trial] court, after considering arguments and briefs submitted by counsel, denied the petitioner's motion to withdraw his guilty plea on May 22, 2019. During this proceeding, the court found that the petitioner failed to establish any colorable claim of innocence that would justify vacation of his guilty plea. The court found that [the statements relied upon by defendant] were unreliable hearsay within hearsay. . . . Additionally, the court found that the speculations by [Morris that other individuals] may have been the ones who provided the victim with the heroin were not supported by specific facts to substantiate those claims. . . .

The court finds that defense counsel was not ineffective for failing to conduct a further investigation of whether or not anyone else was in the room with the victim at the time of his death. The court finds, and agrees with the State, that the court's finding denying the motion to withdraw the petitioner's guilty plea, as well as the factual background of this matter is sufficient. The court finds that the statements made by

[Morris] were hearsay within hearsay and additionally, [one of the individuals], who was reported to be in the room with the victim at the time of his death, was interviewed by law enforcement and denied having any contact with the victim at the time of his death. The court finds that an adequate investigation was conducted by law enforcement and those reports were provided to defense counsel. The court also finds that the petitioner's claim that defense counsel should have conducted a further investigation is speculative at best, unsupported by the required underlying factual basis that such an investigation would reveal further information that was not already obtained in the investigation already conducted. Therefore, the court finds that defense counsel was not ineffective for failing to perform an independent investigation.

We affirm substantially for the reasons set forth in the comprehensive opinion of the PCR court. As the PCR court noted, defendant failed to establish that the alleged deficient performance of counsel would have impacted the outcome of this matter. Putting aside the fact that the statements relied upon by defendant involved multiple levels of hearsay, it is pure conjecture as to what the individuals who were allegedly with the victim on the night he died would have stated under oath. Accordingly, we agree these allegations are no more than bald assertions, and we conclude defendant has failed to satisfy the second prong of Strickland. Therefore, we need not address the first prong.

Defendant next argues he is entitled to a modified JOC because his plea agreement was invalid due to ineffective assistance of counsel. He claims that

11

although he pled guilty to a first-degree offense and was sentenced one degree lower, within the second-degree range, his NERA term and DEDR penalty were still imposed in the first-degree offense range. He asserts his trial counsel never advised him that there would be first-degree penal consequences as a result of his plea. Alternatively, he asserts PCR counsel provided ineffective assistance because of his failure to argue the penal consequences issue in defendant's first PCR petition, which therefore requires a remand for an evidentiary hearing.

Whether a defendant's sentence is illegal is an issue of law subject to de novo review. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). Under Rule 3:21-10(b)(5), "[a] motion may be filed and an order may be entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal Justice." See State v. Zuber, 227 N.J. 422, 437 (2017) ("A defendant may challenge an illegal sentence at any time." (citing R. 3:21-10(b)(5))).

The PCR court ultimately rejected defendant's argument, noting:

> The court finds that the petitioner's initial sentence was decided on May 22, 2019, and the court entered his [JOC] on May 23, 2019. Petitioner's PCR counsel filed a petition on or about April 12, 2021, alleging that trial counsel was ineffective. That petition was denied in its entirety on September 28, 2021. Petitioner requests this motion be treated as an amendment to this first PCR, however, a full year has now passed since this PCR was denied and is not

A-3187-22

amendable. Clearly a matter that has already been decided cannot be treated as an amended argument.

The court finds the petitioner's request to amend his first PCR petition is also factually insufficient. This court finds the petitioner admits he was advised by his counsel that the court would be imposing the first-degree DEDR penalty and five-year parole supervision, however, he feels his counsel should have advised him to not accept anything less than a second-degree crime. As explained above[,] fines are a consequence a defendant must be counseled of, and the court finds defense counsel properly explained the required material consequences of the plea. In addition to not showing his representation was constitutionally deficient, petitioner has not demonstrated there is a reasonable probability that, but for counsel's errors, he would not have ple[d] guilty and would have insisted on going to trial. The petitioner was representing himself prior to the plea. He decided pro se to not pursue the motion to suppress and to plead guilty and requested representation during the actual plea hearing. The petitioner, with the aid of standby counsel, negotiated a favorable plea less than the initial offer. Therefore, even if the claim was not procedurally barred, it is factually barred as petitioner has not demonstrated he would not have ple[d] guilty with a seven year recommendation by the [S]tate.

The PCR court further stated:

Even treated as a second petition for PCR, this court still may not provide relief because Rule 3:22-4(b) is not satisfied. The motion was filed on August 29, 2022, less than a year after the court's denial of his first PCR on September 28, 2021. The factual predicate for the relief sought could have been discovered earlier through the exercise of reasonable diligence.

13

Furthermore, even if proven and viewed in light of the evidence as a whole, the court finds it would not raise a reasonable probability that the relief sought would be granted. Therefore, this matter is procedurally barred as it could have been raised in his first PCR petition. Finally, this argument regards trial counsel, not PCR counsel, and therefore is not viable as a second petition for PCR.

Again, we affirm substantially for the thoughtful reasons set forth by the PCR court. Defendant failed to demonstrate his sentence was illegal or that trial or PCR counsel's performance was deficient. Moreover, there is no suggestion that defendant would not have pled guilty and insisted on going to trial. Accordingly, we discern no basis to disturb the PCR court's findings.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

14

A-3187-22